## No. 4444.

### FRANCOIS GONTHIER VS. THE NEW ORLEANS, JACKSON, AND GREAT NORTHERN RAILROAD COMPANY.

This is a suit for damages against defendant for having carried a trunk to Philadelphia, instead of Jackson, Mississippi. The trunk was not lost; there was only great delay in its delivery. The passenger seems not to have examined the check given to him, or to have made any inquiry about the trunk until he reached his place of destination. What happened may be attributed as much to his own laches as to the negligence of defendant's employees. The plaintiff has shown no right of action against defendant for any failure of duty.

APPEAL from the Eighth District Court, parish of Orleans. *Dibble, J. E. K. Washington*, for plaintiff and appellant. *L. E. Simonds*, for defendant and appellee.

TALIAFERRO, J. This is a suit to render the railroad company liable in damages for the carelessness and inattention of its agents and employees in mis-sending the trunk of a passenger taking the cars at New Orleans for Jackson, Mississippi, whereby he was deprived of his clothing, valuable papers, accounts, etc., important in making settlements of business affairs at Jackson, all of which caused him great inconvenience, expense, and loss, arising from his inability to make collections, deliver ready-made clothing to customers, exhibit patterns of goods, and loss of customers and business. The trunk, it seems, was by some oversight sent to Philadelphia, whence, after a delay of about fifteen days, it was returned to New Orleans. Seven hundred dollars is claimed as damages.

The defendants deny that the plaintiff or his clerk forwarded the

trunk, and aver that another party, who had and exhibited tickets for Philadelphia, forwarded the trunk, and that checks were delivered according to the tickets presented by the party offering the baggage; that if the trunk was checked to Philadelphia, it was the fault of the plaintiff or his clerk.

Judgment was rendered in favor of the defendants, and the plaintiff has appealed.

The evidence conflicts, and is unsatisfactory as to whether the defendants incurred liability resulting from negligence on their part. The plaintiff is a merchant tailor of New Orleans. He sent one of his clerks to Jackson, Miss., to see after his interests there, to make collections, deliver clothing, receive orders, exhibit patterns and new styles of goods, increase the number of his customers, etc. He packed the trunk for his clerk, and it was taken in charge by another of his clerks, who swears that when it arrived at the depot he pointed it out to the baggage-master and required him to have it checked for Jackson, Miss. A check was given to the man who pointed out the trunk, and he gave it to the clerk who was going to Jackson. Here it is clear if there were negligence on the part of the company's agent, there was negligence also on the part of the two clerks, neither of them having looked at the check when it was received, the mistake not having been ascertained until some time after and when too late to rectify it.

The baggage-agent says in his testimony that after the clerk who went to Jackson returned to New Orleans he came to inquire about the trunk, when the witness asked him whether the man who received the check was going to Jackson or Philadelphia, and the person interrogated " didn't know what to answer," and he said he was going forward to Philadelphia afterward.

From all we are able to find in the record we conclude the judgment of the lower court is correct.

It is therefore ordered that the decree of the district court be affirmed with costs.

---

Ludeling, C. J., *dissenting.* The plaintiff sues for seven hundred dollars damages sustained by him from the gross carelessness of the employees of the company in not delivering his trunk at its destination in proper time.

The evidence shows that plaintiff, a merchant tailor, sent one of his employees to Jackson, Miss,, to collect debts and to exhibit samples of cloths to his customers and take their orders; that he bought a ticket for Jackson, Miss., and the foreman of Gonthier had the baggage checked. He swears he asked to have it checked to Jackson, Miss., and

it appears the trunk had a card on it marked " Jackson, Miss.". It appears that after the clerk of Gonthier was on the car, and when the train was in motion, he told the conductor he wished his trunk put off at Jackson, Miss. Whether this request was the result of discovering that a wrong check had been given him or not, is not established. The conductor replied that his trunk was not on that train, but would come on the next day. The next day, on inquiring for his trunk, he was informed that it had gone on to Philadelphia.

It is clear to my mind that the company alone was in fault in not delivering the baggage of the passenger at the proper point and *at the same time with the passenger*. He had paid for that service, and the carrier had obligated itself to perform it.

Whether the loss of business or profits be too remote and uncertain or not, I will not discuss; but it cannot be seriously doubted that the plaintiff has proved actual damages to the extent of the expenses of the trip, which, in consequence of not having the trunk, was made in vain; and also of counsel fees for bringing this suit. These expenses, exclusive of attorney's fees, are proved to have been not less than forty dollars. I cannot conceive on what grounds the court can refuse to allow these damages, at least, and costs of suit.

I therefore dissent.

Morgan, J. I concur in this opinion.

## On Rehearing.

Taliaferro, J. A further examination of the evidence fails to convince us of error in the former decree of this court. The trunk of the *passenger* was not lost, and the delay in its return to him may be attributed as much to his own laches as to the negligence of the defendants' employees, and he is not in a position to claim on his own behalf (much less the plaintiff, the employer,) damages or expenses alleged to have resulted from such delay. The passenger seems not to have examined the check given to him or to have made any inquiry about the trunk until he reached his place of destination. The statement in the evidence that the clerk, when he went into the car, told the conductor that he wanted to get his trunk out at Jackson was not made by the clerk, but by the plaintiff in his testimony. The plaintiff himself did not go on the cars to Jackson, and did not even go to the depot. It is clear, then, that what he says about the clerk telling the conductor, after he got on the cars and the train was in motion, that he wanted his trunk put off at Jackson, the plaintiff had no personal knowledge of, and is only what he *heard* occurred at Jackson.

There was no privity between the plaintiff, who was not a passenger on the train, and defendants. The former has shown no right of action against the latter for any failure of duty to his employee.

It is therefore ordered that our former decree remain undisturbed.

Chief Justice Ludeling and Associate Justice Morgan adhere to the opinion previously expressed by them.